IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS E. SMITH, JR.,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-5830; 2:20-CV-5915
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On June 30, 2021, Judgment was entered dismissing this consolidated Motion to Vacate under 28 U.S.C. § 2255 and 28 U.S.C. § 2241. (Doc. 16.) On that same date, Petitioner filed an untimely Objection. (Doc. 17.) For the reasons that follow, Petitioner's untimely Objection (Doc. 17), which the Court considers under Rule 59(e) of the Federal Rules of Civil Procedure, is **DENIED.**

### I.    DISCUSSION

On June 8, 2021, the Magistrate Judge recommended dismissal of this action. (Doc. 14.) Petitioner indicates that he waited until June 23, 2021, the day after objections were due, to submit his Objection with prison officials for mailing. (Doc. 17, PAGEID # 234.) Thus, it is untimely. Nonetheless, and construing the Objection as a motion under Rule 59(e) of the Federal Rules of Civil Procedure, the record reflects no basis for relief.

A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"

1

*CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id*. (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

  Here, Petitioner asserts that his continued incarceration violates the Eighth Amendment based on the impact of COVID-19 on his underlying health conditions which place him at serious risk of death. However, the record indicates that, on April 28, 2021, Petitioner received

the second dose of the Moderna COVID-19 vaccine.  (Doc. 19-1, PAGEID # 249.)  Petitioner nonetheless now requests that the Court hold this action in abeyance or permit ongoing renewals of his complaint based on the potential impact of variants to COVID-19, the lack of an adequate remedy in the Ohio courts, and limited immunity provided by the Moderna COVID-19 vaccine.  However, Petitioner's speculation that he may have potential future claims for relief does not warrant holding proceedings open on an indefinite basis.  Again, Petitioner has been fully vaccinated against the COVID-19 virus.  The Centers for Disease Control and Prevention ("CDC") indicates that the Moderna vaccine has been found to be 94% effective in preventing hospitalization for fully vaccinated adults. https://www.cdc.gov/mmwr/volumes/70/wr/mm7018el.htm?s_cid+mm7018el_w.  Further, the CDC, Yale Medicine, and Moderna all have indicated that the vaccine likewise effectively protects fully vaccinated individuals from serious illness from variants of the COVID-19 virus.  (*See Response to Petitioner's Objection*, Doc. 19-1, PAGEID # 241-44.)  Moreover, Petitioner cannot establish Respondent's deliberate indifference to his serious medical needs.  (*Report and Recommendation,* Doc. 14, PAGEID # 224-25.)  Nothing in the record supports Petitioner's Eighth Amendment claim.  In short, the record reflects no basis for reconsideration of final Judgment of dismissal.

## II. DISPOSITION

Accordingly, Petitioner's untimely Objection (Doc. 17), which the Court considers under Rule 59(e) of the Federal Rules of Civil Procedure, is **DENIED.**

**IT IS SO ORDERED.**

Date: July 19, 2021                  s/James L. Graham  
                                                   **JAMES L. GRAHAM**  
                                                   **UNITED STATES DISTRICT JUDGE**